UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────────X

UNITED STATES OF AMERICA,

    -against-                                      **OPINION & ORDER**
                                                                      99-CR-654 (SJF)

LEONARDO MARULANDA,

                Defendant.
────────────────────────────────────────────X

FEUERSTEIN, J.

On July 7, 1999, defendant Leonardo Marulanda ("Marulanda" or "Defendant") was indicted on, *inter alia*, one (1) count of Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine in an Amount of Five (5) Kilograms or More pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846, to which he pled guilty before the Honorable Thomas C. Platt of the Eastern District of New York on October 19, 2011. The United States Sentencing Guidelines Manual ("Guidelines") recommended a sentencing range of one-hundred-sixty-eight (168) to two-hundred-ten (210) months. The statutory minimum and maximum terms of imprisonment were one-hundred-twenty (120) months to life, respectively. Judge Platt sentenced Marulanda to one-hundred-ninety-seven (197) months of imprisonment, to be followed by five (5) years of supervised release.

Marulanda now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Under the amended Guidelines, the advisory sentencing range is one-hundred-thirty-five (135) to one-hundred-sixty-eight (168) months of imprisonment. Marulanda requests a sentence reduction to the lowest end of the amended sentencing range, or one-hundred-thirty-five (135) months. Marulanda's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**I.     Background**

Marulanda was a member of an extensive Colombian narcotics trafficking network that imports cocaine from South America to Florida and New York. According to his presentence report ("PSR"), he is based in New York, and he has various "workers" who work for him, although he is not the leader of the narcotics network. In March 1999, a government investigation revealed that fifty (50) kilograms of cocaine that his workers had been holding for him had been stolen by unknown persons. For purposes of his Guidelines calculation applicable at the time of his sentencing, Marulanda was thus "conservatively estimated to be responsible for 50 kilograms of cocaine." [PSR at 8].

Pursuant to the Guidelines applicable at Marulanda's sentencing, he had a base offense level of thirty-six (36) because his offense involved at least fifty (50) kilograms, but less than one-hundred-fifty (150) kilograms, of cocaine. After a three (3) level reduction for his guilty plea and acceptance of responsibility, Marulanda's total offense level was lowered to thirty-three (33). His criminal history category was III because of prior convictions for possession of a stolen car and bail jumping. Based upon Marulanda's total offense level and criminal history category, the then-applicable advisory Guidelines range was a term of imprisonment of one-hundred-sixty-eight (168) to two-hundred-ten (210) months, to be followed by five (5) years of mandatory supervised release absent any mitigating factors. On May 3, 2002, Judge Platt sentenced Marulanda to one-hundred-ninety-seven (197) months of imprisonment, to be followed by five (5) years of supervised release.

Marulanda now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to the lowest end of the amended Guidelines range, or one-hundred-thirty-five (135) months of imprisonment. The government has not responded to his motion.

## II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); *see also United States v. Johnson*, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," *Dillon*, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." *United States v. Mock*, 612 F.3d 133, 134-35 (2d Cir. 2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013) (citing *Dillon*, 560 U.S. 817, 130 S. Ct. at 2683); *accord United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 . . . by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically,

3

§ 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.*

At the second step of the *Dillon* inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." *Mock*, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining ... whether a reduction in the defendant's term of imprisonment is warranted....")); *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman v. United States*, 131 S. Ct. 2685, 2694, 180 L. Ed. 2d 519 (2011).

### A.     *Eligibility for a Sentence Reduction*

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table

4

by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant would be released prior to November 1, 2015. *See United States v. Vargas*, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (quotations and citation omitted); *see also United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), *cert. denied by Bautista v. United States*, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. *See Freeman*, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

(a) Authority—

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

5

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment is listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.— (A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

. . . .

(e) Special Instruction.— (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment. *Freeman*, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, Marulanda's base offense level is eligible for a reduction from thirty-six (36) to thirty-four (34). Applying the three (3)-level reduction for his acceptance of responsibility that was applied at sentencing gives him a total offense level of thirty-one (31). As his criminal history placed him in criminal history category III, the amended Guidelines range that would have been applicable to him had Amendment 782 been in effect at the time of his sentencing is a term of imprisonment between one-hundred-thirty-five (135) and one-hundred-sixty-eight (168) months. Accordingly, Marulanda is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and, pursuant to the policy statement, may have his sentence reduced from one-hundred-ninety-seven (197) to one-hundred-thirty-five (135) months, or by as much as sixty-two (62) months. *See* U.S.S.G. § 1B1.10(b)(2)(A).

### B. *Whether a Reduction is Warranted*

Upon: (1) review of the PSR, the objections to the PSR, the addendum to the PSR, and Marulanda's submissions in support of his motion for a sentence reduction; (2) consideration of the 18 U.S.C. § 3553(a) factors, particularly, *inter alia*: (a) the nature and circumstances of his offense and his criminal history and characteristics; and (b) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to promote respect for the law, and to protect the public; and (3) consideration of the nature and seriousness of the danger that may be posed by a sentence reduction and his disciplinary history while incarcerated, I find that a reduction of Marulanda's sentence is not warranted here.

Specifically, for Guidelines purposes, Marulanda was estimated to be responsible for fifty (50) kilograms of cocaine. The statutory maximum term of life imprisonment is indicative of the severity of his crime. Although he has completed numerous courses in prison over the past fourteen (14) years, he was also disciplined for possession of an unauthorized item. He also never filed a personal income tax return, which according to policy statement § 4A1.3 of the U.S.S.G., could have served as a basis for an upward departure from his criminal history category of III. Under these factual circumstances, I find that a reduction of Marulanda's sentence is not appropriate. The provisions of the May 3, 2002 amended judgment shall remain in effect.

## III. Conclusion

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**  s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

DATED:   October 19, 2015
         Central Islip, New York